UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10552 MLW

| | |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35, ) ) ) ) Plaintiff, ) ) v. ) ) AMSTAR OF WESTERN NEW YORK, ) ) Defendant, ) and ) ) WAYLAND WATER DEPARTMENT, ) TOWN OF WAYLAND, ) MASSACHUSETTS, ) ) Trustee. ) ) | Civil Action No. |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION FOR ATTACHMENT ON TRUSTEE PROCESS

An arbitration award was issued in the instant case in favor of the Plaintiff, Painters and Allied Trades District Council No. 35, ("District Council No. 35") and against the Defendant in the amount of $79,849.56 on February 6, 2004. Pursuant to Federal Rule of Civil Procedure 64, the procedure for the execution of a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." Plaintiff relies on Massachusetts General Laws c. 246 and Massachusetts Rule of Civil Procedure 4.2 which allow for an attachment of "goods, chattels or credits of the defendant entrusted to, or deposited in the hands or possession of a person summoned as a trustee." M.G.L. c. 246, § 20.

This action was brought by Plaintiff to enforce the arbitration award issued pursuant to a written collective bargaining agreement. The collective bargaining agreement provides that the

Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this Agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties. (Affidavit of Ralph Harriman ¶ 5). After a hearing, the Joint Trade Board duly issued an Award on February 6, 2004 finding merit to District Council No. 35's grievance against the Defendant and awarding District Council No. 35 and its affiliated Funds the amount of $79,849.56. (Affidavit of Ralph Harriman ¶¶ 7-9).

The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L.C. 150 §11. Defendant failed to file an action to vacate the Arbitration Award within the prescribed thirty (30) days of receipt of the award. (Affidavit of Ralph Harriman, ¶ 12). Plaintiff asserts that there is no defense available to Defendant to avoid the application of the Arbitration Award.

The Wayland Water Department, Town of Wayland, Massachusetts is currently in the possession or control of property, right, title or interest of Defendant. (Affidavit of Ralph Harriman ¶ 11). It is the position of the Plaintiff that the Wayland Water Department, Town of Wayland, Massachusetts, as a municipality holding assets of the Defendant, is a Trustee subject to attachment within the meaning of M.G.L. c. 246. Plaintiff requests that an order issue for an attachment on trustee process for the amount in the possession of the Wayland Water Department, Town of Wayland, Massachusetts, in satisfaction of the judgment issued against the Defendant.

Plaintiff requests that the attachment be issued ex parte. Pursuant to Mass. R. Civ. P. 4.2(g), an attachment may be granted ex parte if there is a "clear danger that the defendant if notified in advance will convey or remove the property from beyond the plaintiff's reach." Defendant is a contractor based in Buffalo, New York which only infrequently performs work in

Massachusetts. (Affidavit of Ralph Harriman, ¶ 10). Defendant's current project with the Wayland Water Department in Wayland, Massachusetts began on or about March 10, 2004, and is expected to continue for only two or three weeks. (Affidavit of Ralph Harriman, ¶ 11). District Council No. 35's ability to obtain security in the future is therefore speculative. (Affidavit of Ralph Harriman ¶ 10) Upon information and belief, the contract is for $159,000.00. (Affidavit of Ralph Harriman ¶ 11). In any case, the Trustee and Defendant will have an opportunity to respond to the attachment once the summons is issued but will be prevented from disbursing the money once notice is received.

WHEREFORE Plaintiff demands that:

1) The amount of $79,849.56 be attached from the proceeds of the contract(s) to be paid by the Wayland Water Department, Town of Wayland, Massachusetts to Defendant and be set aside and retained by the Town of Wayland and be paid to Plaintiff when judgment issues in this matter; and

2) Provided that in no event shall more than $79,849.56 be attached by the Trustee; and

3) The Court grant such other and further relief as it may deem just and proper.

Dated: March 18, 2004

Respectfully submitted,
For the Plaintiff,
By its Attorney,

Jonathan M. Conti (BBO #657163)
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976